## THE MARGARET M.

## THE 14–D.

### (District Court, E. D. New York. April 19, 1919.)

1. COLLISION ☞123—ACTIONS—BURDEN OF PROOF.
   In collision cases, the burden of proving negligence is on the libelant.
2. COLLISION ☞71(2)—PROCEEDINGS—VESSEL AT FAULT.
   Where a barge, after having taken on a load of coal, cast off from the dock, in order to drift across the slip to take her place in a tow to be made up there, and, after drifting across the slip, was not made fast, and drifted back, and collided with another barge, which had moved up and taken her place at the dumper, *held*, that the first barge was solely at fault, though a dredge with a mud scow, apparently moored to her, was moored across the slip from the barge injured.

In Admiralty. Libel by Fred H. Doty against the barge Margaret M., the owner of which appeared and impleaded the Henry Du Bois Sons Company, the owner of the dump scow 14–D. Libel dismissed as to the respondent Henry Du Bois Sons Company, and decree for libelant against the owner and claimant of the Margaret M.

Park & Mattison, of New York City, for libelant.
Alexander & Ash, of New York City, for claimant.
Carter & Carter, of New York City, for respondent.

GARVIN, District Judge. A libel was filed by the owner of the coal barge John B. Fisk against the barge Margaret M., the owner of which appeared and brought in as another party defendant Henry Du Bois Sons Company, the owner of the dump scow 14–D. The John B. Fisk, in June, 1913, was lying at the Delaware, Lackawanna & Western coal docks at Hoboken, N. J., waiting to take on a cargo of coal. The Margaret M. was lying a short distance away, and when she had taken on a load of coal she cast off from the dock, in order to drift across the slip, so that she might take her place in a tow to be made up there.

The John B. Fisk moved up and took her place at the dumper, in order to load, and meanwhile the Margaret M. had drifted across the slip, but had not made fast to any tow there, and presently she drifted back. Across the slip from the John B. Fisk, moored at the wharf, was a dredge with a mud scow lying in the slip alongside, and apparently moored to the dredge. This mud scow was known as dumper No. 14. The Margaret M. drifted back, and finally came in contact with the Fisk, causing the damage which has resulted in this action.

[1, 2] The boat of the libelant was not at fault, and the court is of the opinion that, in view of the testimony of the master of the dredge that he knew nothing of any collision, and that no claim was made against the respondent Du Bois Sons Company for some two years after the accident, the libelant cannot prevail against the latter company. The burden of proof rests upon the libelant to show negligence. The New York (D. C.) 88 Fed. 556, affirmed 92 Fed. 1021,

---

35 C. C. A. 164. The Margaret M. could have prevented this accident by taking proper precautions when she was cast off and floated back across the slip.

The libel is dismissed as to the respondent Du Bois Company, and the libelant may have a decree against the claimant of the Margaret M.